UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEFAN EMIL VENTURA, <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS GENERAL HOSPITAL AND PARTNERS HEALTHCARE SYSTEM, INC. <br><br> Defendants. | CIVIL ACTION NO. 1:18-CV-12159-ADB |

**DEFENDANTS, MASSACHUSETTS GENERAL HOSPITAL'S AND PARTNERS HEALTHCARE SYSTEM, INC.'S, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

### I. INTRODUCTION

The defendants in the above-captioned matter, Massachusetts General Hospital ("MGH") and Partners HealthCare System, Inc., ("Partners"), request that this Honorable Court enter a judgment of dismissal as to all claims asserted by the plaintiff, Stefan Emil Ventura, as set forth in the Complaint filed on or about October 17, 2018. The plaintiff's complaint fails to provide fair notice of plaintiff's claims and the grounds upon which they rest in accordance with Fed. R. Civ. P. 8(a) and fails to state a claim upon which relief can be granted in accordance with Fed. R. Civ. P. 12(b)(6).[1] In further support of their request, the defendants state the following:

---

[1] In addition, due in large part to the deficiencies noted below, the Complaint asserts no basis for jurisdiction before this Court, making dismissal appropriate under Rule 12(b)(2).

## II.     BRIEF BACKGROUND[2]

As of October of 2014, the plaintiff was employed at MGH in the Environmental Services Department. (*See* Complaint, attached here to as Exhibit A, at Attachment A). The plaintiff was terminated on or about October 16, 2014, for alleged violations of MGH's standards of behavior. (*See id.*). On or about October 29, 2014, the plaintiff requested a hearing before the Grievance Committee. (*See id.*).[3] Four years later, on October 15, 2018, the plaintiff filed a Complaint claiming that he was wrongfully terminated. (*See id.*).

The Complaint does not contain any allegations specifically asserted against either MGH or Partners; however, the complaint implies that the claims concern MGH's decision to terminate his employment. More specifically, the plaintiff alleges that the defendants (1) wrongfully terminated him for unproven allegations/false statements; (2) that the defendants violated their own corrective action policies; (3) that the defendants conducted a biased "closed internal" investigation; and (4) that said investigation provided a "pretext to termination". (*See* Ex. A, at Section III).

## ARGUMENT

### I.     The Plaintiff's Complaint Must Be Dismissed For Failure To Comply With Fed. R. Civ. P. 8(a).

Fed. R. Civ. P. 8(a) requires that "a pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief …." The purpose of this requirement is to "give the defendant fair notice of what the claim is and the

---

[2] The defendants state that they have made every effort to be as accurate as possible with regard to their statement of the facts of this case, but note that it is difficult to discern the facts from the Complaint.

[3] Although not contained within the four corners of the Complaint, the plaintiff's request for a review by the Grievance Committee was carried out and he was notified that the termination was upheld on November 26, 2014. (*See* November 26, 2014, letter from Peter L. Slavin, M.D., attached hereto as Exhibit B).

2

grounds upon which it rests," as well as a "meaningful opportunity to mount a defense." *Twombly, supra,* at 555; *O'Leary v. New Hampshire Boring, Inc.*, 2016 WL 1268255, at *3 (D. Mass. March 31, 2016) (internal citations omitted). A complaint that does not meet the requirements of Rule 8(a) "places an unjustified burden on the court and on the party who must respond to it." *Saade v. Pennymac Loan Services, LLC*, 2016 WL 4582083, at *5 (D. Mass. 2016). While a court must construe the complaint of a *pro se* plaintiff liberally, a plaintiff's "*pro se* status does not insulate [him] from complying with procedural and substantive law." *Id.*, quoting *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Failure to comply with the "short and plain statement requirement" is grounds for dismissal, even for a *pro se* plaintiff. *Id.*, citing *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993).

The instant Complaint consists of the standard five-page *Complaint for Civil Case Filing Form* with a single-page handwritten document incorporated by reference and noted as "Attachment A". Attachment A is a letter written by Mr. Ventura and addressed to the "HR + Grievance Committee". The Complaint and the attached exhibit are not organized in any way that provides any discernable allegations against the defendants, individually or jointly. The Complaint sets forth no fact concerning what specific actions form the basis for plaintiff's claims, whose actions are at issue, when said events occurred or the legal basis for his claims. Even taking into account the plaintiff's *pro se* status, the statements in the Complaint are so ambiguous and unsupported that it is difficult, if not virtually impossible, to follow and respond to in any meaningful respect. *See, e.g., Ishutkina v. Morgan, Brown & Joy,* LLP, 2015 WL 5447686, at *3 (D.Mass. Sept. 16, 2015), quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Where, as here, the Complaint wholly fails to comply with the purpose and rationale of Fed. R. Civ. P. 8(a),

dismissal is appropriate. *See, e.g., Ishutkina, supra*, at *2 (dismissing pro se plaintiff's complaint where it was rambling and failed to apprise the Court of the factual basis of claims); *Saade, supra*, at *5 (dismissing under Rule 8(a) pro se plaintiff's complaint which consisted of language that was "largely disjointed, repetitive and unclear"); *Grandoit v. Wells* See also *Fargo Home Mortg.*, 2013 WL 1282357 (D. Mass Mar. 29, 2013) (dismissal of plaintiff's complaint appropriate when it failed to comply with Rule 8(a)).

## II.     The Plaintiff's Complaint Against the Defendants must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted Because the Claims are Time Barred.

In assessing a complaint for the purpose of determining whether it states a claim upon which relief can be granted, the court must "accept as true all well-pleaded facts set forth in the complaint and draw all inferences therefrom in the pleader's favor." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (internal citations omitted). However, "this highly deferential standard of review ... does not mean [] that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized," and legal conclusions may be disregarded. *Anderson, supra*, at *3, quoting *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992); *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013). Dismissal for failure to state a claim is appropriate when the pleadings fail to aver "factual allegations, either direct or indirect, respecting each material element necessary to sustain recovery under some actionable legal theory." *Jones v. Experian Info. Sols., Inc.*, 141 F. Supp. 3d. 159, 161 (D.Mass. 2015). Although *pro se* plaintiffs may be held "to less stringent standards" in terms of drafting a complaint, "the First Circuit has nevertheless required even *pro se* plaintiffs to plead specific facts" to back up their claims, and "the duty to be less stringent with *pro se* complaints

4

does not require the court to conjure up implied allegations." *McDonald v. Com. of Mass.*, 901 F. Supp. 471, 477 (D. Mass. 1995) (internal citations omitted).

Although it is difficult to ascertain the factual and legal basis for the plaintiff's claims, it appears that the plaintiff may be asserting claims pursuant to M.G.L. c. 151B. Making this assumption, the claims are barred due to the plaintiff's failure to file a charge with the Massachusetts Commission Against Discrimination within the allotted time. It is well-settled law that claims brought pursuant to M.G.L. c. 151B must be administratively pursued prior to the filing of a lawsuit. *See Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 277-78 (1st Cir. 1999). The failure to file a timely charge with the MCAD requires the dismissal of any subsequent lawsuit. *See Hall v. FMR Corp.*, 559 F. Supp.2d 120, 124 (D. Mass. 2008). Pursuant to M.G.L. c. 151B, § 5, actions brought under c. 151B must be filed with the MCAD/EEOC within 300 days of the alleged act of discrimination. M.G.L. c. 151B, §5; *see also Ocean Spray Cranberries, Inc. v. MCAD*, 441 Mass. 632, 641 (2004). "By the plain language of the statute, the limitations period begins to run at the time of the '"act of discrimination"'. *Ocean Spray Cranberries, supra*, at 645.

In the present matter, the plaintiff failed to file a charge of discrimination against either defendant with the MCAD/EEOC M.G.L. c. 151B at any point. Therefore, the present Complaint must be dismissed as a matter of law. *See Hall, supra* at 124. The time for filing such a Complaint has long since expired. Based upon the information set forth in the complaint, the plaintiff was terminated on October 16, 2014. (*See* Ex. A, at III). He requested a hearing before the grievance committee on October 29, 2014. (*See id.*). The plaintiff has not alleged any act that occurred within the 300 day statute of limitations and therefore his claims are time barred as a

matter of law. M.G.L. c. 151B, §5. The facts as they stand all involve actions that occurred some four years before the initiation of the present action. Therefore, the claims cannot be timely pursued at the present time. As a result, dismissal is appropriate.

## CONCLUSION

For the foregoing reasons, the defendants respectfully request that this Honorable Court ALLOW their Motion to Dismiss and dismiss the plaintiff's Complaint in its entirety.

Respectfully submitted,
Massachusetts General Hospital and Partners Healthcare System, Inc.

By their attorneys,

*/s/ Megan E. Kures*
Megan E. Kures, BBO:#652485
Hamel, Marcin, Dunn, Reardon & Shea, P.C.
24 Federal Street, 11th Floor
Boston, Massachusetts 02110
Telephone: (617) 482-0007
Facsimile: (617) 451-7866
mkures@hmdrslaw.com

Dated: February 1, 2019

## CERTIFICATE OF SERVICE

I, Megan E. Kures, counsel for Defendants, Massachusetts General Hospital and Partners Healthcare System, Inc., hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to those indicated as non-registered participants.

Dated:  02/01/2019

/s/ *Megan E. Kures*
Megan E. Kures, BBO: #652485