UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEFAN EMIL VENTURA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 18-12159-ADB |
| | * | |
| MASSACHUSETTS GENERAL HOSPITAL, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

Now before the Court is the amended complaint [ECF No. 9] of *pro se* litigant plaintiff Stefan Emil Ventura in which he claims that defendants Massachusetts General Hospital and Partners HealthCare (collectively, "Partners HealthCare") and its employees wrongfully terminated his employment. For the reasons set forth below, the Court will dismiss Ventura's federal claims for failure to state a claim upon which relief may be granted, dismiss any state law claims without prejudice for lack of subject matter jurisdiction, and order that this action be dismissed.

I.  **BACKGROUND**

The Court writes for the parties and assumes the reader's familiarity with this action. In brief, Ventura filed his original complaint [ECF No. 1] on October 2018 against Partners HealthCare. He alleged therein that Partners HealthCare had terminated his employment in 2014 in violation of its own policies and based on unlawful bias against him. He later filed an amended complaint as a matter of right to include ten additional individual defendants. Pending

review of its subject matter jurisdiction over the action, the Court ordered that none of the defendants were required to respond to the amended complaint until further order of the Court.

In his amended complaint, Ventura invokes the Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 ("§ 1331"). *See* Amend Compl. at 6. Culling his allegations from the amended complaint and two subsequently-filed documents in which he reiterates the statement of his claim [ECF Nos. 13, 14], it is apparent that he is alleging that his mother was employed by Partners HealthCare until 2002, when Partners terminated her employment for taking leave under the Family Medical Leave Act, 29 U.S.C. §§ 2601-2619 ("FMLA"). Ventura's mother subsequently commenced a wrongful termination lawsuit against Partners HealthCare. In the years following, Partners HealthCare terminated the employment of Ventura and four of his relatives. Ventura maintains that his termination and those of the other four family members were all in retaliation for his mother's lawsuit against Partners HealthCare. Ventura further states that his claim involves "1st Amendment Freedom of Speech/civil rights/off duty conduct." Amend Compl. at 6 (as in original).

## II. DISCUSSION

The Court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). Federal district courts have original subject matter jurisdiction over civil actions arising under federal laws, *see* § 1331, and over certain actions in which the parties are of citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"). Where a federal district court

has original jurisdiction only under § 1331, the court may exercise supplemental jurisdiction over related state law claims.  *See* 28 U.S.C. § 1367.

The Court has reviewed the amended pleading and other documents filed by Ventura and concludes that his claims arising under federal law fail to state a claim upon which relief may be granted.

A complaint can be dismissed for failure to state a claim if the allegations therein, taken as true, show that relief is precluded by the relevant statute of limitations.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  Both of Ventura's federal claims fail to state a claim for relief because they are time barred.[1]  An action for a violation of the FMLA "must be brought . . . not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought."  29 U.S.C. § 2617(c)(1).  Where the plaintiff alleges a willful violation of the FMLA, the action must be brought within 3 years of the violation.  *See* 29 U.S.C. § 2617(c)(2).  Ventura claims that the retaliatory termination occurred in 2014, more than three years before he commenced this action in October 2018.  Thus, any claim under the FMLA is untimely.

Similarly, a claim for a violation of the First Amendment is barred by the three-year statute of limitations applicable to actions under 42 U.S.C. § 1983.[2]  Moreover, even if the defendants did terminate Ventura's employment because of comments or statements that he made, such conduct does not implicate the First Amendment.  "[T]he constitutional guarantee of

---

[1] The Court takes no position whether third party retaliation is actionable under the FMLA, *see Thompson v. N. Amer. Stainless, LP*, 652 U.S. 170, 177-78 (2011) (holding that Title VII grants a cause of action for third party retaliation); *Kasto v. Cash Exp. of Tenn., LLC*, 77 F .Supp. 3d 605, 611-612 (W.D Ky. 2015) (applying *Thompson* and concluding that FMLA provides a cause of action for third party retaliation), or whether Ventura's allegations are sufficient to state such a claim.

[2] A claim under 42 U.S.C. § 1983 claim borrows the appropriate state governing limitations unless contrary to federal law.  *See Wilson v. Garcia*, 471 U.S. 261, 267 (1984).  The three-year statute of limitations prescribed by M.G.L. ch. 260, § 2A or M.G.L. ch. 206, § 5B governs here.

3

free speech is a guarantee only against abridgment by government, federal or state." *Hudgens v. N.L.R.B.,* 424 U.S. 507, 513 (1976).

Because Ventura's federal claims fail to state a claim upon which relief may be granted, dismissal of these claim would divest the Court of original subject matter jurisdiction under § 1331. Diversity subject matter jurisdiction under § 1332 does not exist because complete diversity of citizenship between the parties does not exist.[3] In the absence original jurisdiction under § 1331 or § 1332, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court "may decline to exercise supplemental jurisdiction" if it has "dismissed all claims over which it has original jurisdiction").

## III. CONCLUSION

In accordance with the foregoing, the Court hereby orders:

(1) The plaintiff's federal claims are dismissed for failure to state a claim upon which relief may be granted.

(2) Any state law claims asserted by the plaintiff are dismissed without prejudice for lack of subject matter jurisdiction.

(3) This action is dismissed. The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

July 25, 2019            /s/ Allison D. Burroughs
                                                                       ALLISON D. BURROUGHS
                                                                       U.S. DISTRICT JUDGE

---

[3] Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of complete diversity of citizenship. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity of citizenship does not exist where any defendant and any plaintiff are citizens of the same state. *See id.* "For purposes of diversity, a person is a citizen of the state in which he is domiciled." *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008).